UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IVY JOHNSON, JR. et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 4:11CV1493 MLM |
|  | ) |  |
| FRANCIS SLAY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Ivy Johnson (registration no. 9211), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff Johnson has failed to file his prison account statement with the Court, as required by 28 U.S.C. § 1915(a). As a result, the Court will order plaintiff Johnson to submit a certified copy of his prison account statement within thirty (30) days of the date of this Order. Additionally, because the manner in which the complaint was drafted makes it difficult to review, the Court will order plaintiff Johnson to file an amended complaint, following the instructions set forth by this Court below.

### Discussion

The Court is required to conduct a pre-service review of an action filed by a prisoner seeking to proceed in forma pauperis. See 28 U.S.C. § 1915. If any part of the complaint is frivolous, malicious, or fails to state a claim upon which relief can

be granted, the Court is required to dismiss the frivolous portions of the lawsuit prior to ordering service of process on the complaint. 28 U.S.C. § 1915(e).

As noted above, plaintiff Ivy Johnson, a prisoner, has submitted a motion to proceed in forma pauperis in this action. However, plaintiff Johnson has failed to file a certified copy of his prison account statement as required by 28 U.S.C. § 1915(a). Accordingly, the Court cannot grant plaintiff Johnson leave to proceed in forma pauperis at this time. The Court will hold plaintiff Johnson's motion for leave to proceed in forma pauperis in abeyance until after he has filed his certified prison account statement, due to the Court within thirty (30) days of the date of this Order.

Upon review of the record, the Court notes that although plaintiff Johnson is the only plaintiff who has signed and filed the complaint and accompanying documents, Mr. Johnson has listed three other individuals as plaintiffs in this action: Carlos Scott, Frank Bell and Kelvin Lacy. A litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). Accordingly, the Court will deny plaintiff Johnson's motion to add Mr. Lacy as a party [Doc. #3] and dismiss Mr. Scott and Mr. Bell from this action.

Lastly, the Court notes that the way plaintiff Johnson's complaint is drafted makes it difficult to review. Plaintiff Johnson has named seven individuals as

defendants in this action[1], but he has not articulated which claims are being brought against each specific defendant, and his complaint jumps from one issue to the next, with very little in accompanying facts.

In order to fulfill his obligations under this Court's Local Rules and the Federal Rules of Civil Procedure, plaintiff will be required to file an amended complaint in this action, on a court-provided form, setting forth, in separately numbered paragraphs, each specific claim he has against each specific defendant in this action. Plaintiff's amended complaint should comply with Rules 8 or 10 of the Federal Rules of Civil Procedure, and it should be filed within thirty (30) days of the date of this Order. Again, as previously noted, plaintiff may only bring his own claims to Court, not the claims of any additional plaintiffs.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). As a result, plaintiff must name each defendant in the caption of the complaint. Additionally, he must state exactly what each defendant did, or failed to

---

[1] Plaintiff is also seeking to add ten (10) additional defendants in this action. [Doc. #4]. The Court will not allow plaintiff to amend his complaint by interlineation. Accordingly, plaintiff's motion to add defendants will be denied. Should plaintiff wish to bring claims against these additional defendants in his amended complaint, he may do so, as long as he has articulated the specific claims he is bringing against each of the named defendants.

do, which violated his rights. Failure to do so risks dismissal of one or all of the defendants. If plaintiff does not file an amended complaint within thirty (30) days of the date of this Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a certified copy of his prison account statement within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add Kelvin Lacy as a party plaintiff [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that party plaintiffs Carlos Scott and Frank Bell are **DISMISSED** from this action as plaintiff cannot represent these individuals because he is proceeding pro se. The Clerk of Court shall remove Mr. Scott's and Mr. Bell's names from the docket.

**IT IS FURTHER ORDERED** that plaintiff's motion to add additional defendants [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that complies with the terms of this Order and the Federal Rules of Civil Procedure **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, along with a copy of this Order, a copy of the Court-provided "Prisoner Civil Rights Complaint."

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file his prison account statement and an amended complaint, the Court will dismiss this action without prejudice.

Dated this 26th day of September, 2011.

                                  HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE