# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IVY JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1493 MLM |
| | ) | |
| GENE STUBBLEFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 9211), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

In this action for monetary damages and injunctive relief, plaintiff, a pretrial detainee at St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Francis Slay; Gene Stubblefield; Pat Schommer; Cameron Daniels; Irene Mitchell; Leonard Edwards; Jerome Fields; and Lutheran Ministries.

Plaintiff brings a myriad of claims relating to his conditions of confinement at St. Louis City Justice Center. He asserts in a conclusory fashion that in July of 2011 he was housed in an overcrowded dorm and forced to sleep on the floor near leaking urinals and toilets. Plaintiff states broadly that as a result of the overcrowding he was assaulted on three different occasions.

Plaintiff claims that at the end of July 2011 he complained to defendants that there was "absolutely no access to the law library." Plaintiff states, in a conclusory fashion, that as a result of the denial of access to legal assistance, he suffered "actual injury" to "plaintiff's existing criminal litigation." Plaintiff claims further that on October 5, 2011, defendants failed to provide him with communications with his attorney via the telephone. Plaintiff believes this occurrence to be a denial of his access to courts.

Also in July of 2011, plaintiff asserts that he complained that it was unconstitutional to keep him "locked down" for 24 hours a day without exercise.

Plaintiff additionally claims that the food served by defendants is "non-nutritional" and not "fit for human consumption" or "in compliance with the daily amount of nutrients required by the U.S.D.A." Plaintiff also complains that the kitchens at the Justice Center are "unsanitary."

Plaintiff complains that in July of 2011 he informed defendants Stubblefield, Fields, Mitchell, Edwards, Daniels and Schommer that the Justice Center has not provided the inmates with the facility's rules and regulations in over a year. Plaintiff also asserts that although he has filed numerous grievances relating to this purported unlawful conduct, his grievances have not been answered.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the governmental entity is responsible for the alleged constitutional

violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis City was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff's claims are subject to dismissal for a variety of other reasons. For example, his complaints about defendants' failure to respond to his grievances or pass out a rulebook in violation of the Justice Center's own regulations fails to state a constitutional claim for relief. "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

Furthermore, plaintiff's general allegations relating to the conditions of confinement and overcrowding at the Justice Center, in July of 2011, are stated in such a broad and conclusory manner as to fail the pleading standards set forth in Iqbal. 129 S.Ct. at 1949-51. Plaintiff's claims relating to the overcrowding and unsanitary conditions are "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements" that do not state a plausible claim for relief. Id. at 1949-51.

In order to state a claim for unconstitutional conditions of confinement under the Eighth or Fourteenth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. E.g., Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Although plaintiff makes generalized and conclusory claims that the food at the Justice Center is unsanitary and that he was forced to sleep on the floor near urinals and toilets, he has not made any specific allegations that these conditions posed a risk to his health or safety or that these actions caused him physical harm in any way.

Similarly, plaintiff's access to courts/attorney claims are conclusory and also fail to meet the pleading standards set forth in Iqbal. In order to "state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Although plaintiff says he suffered an "actual injury" to some criminal claim, he has not articulated exactly what type of injury he suffered or even mentioned the legal claims in his criminal case that were purportedly affected.

Lastly, plaintiff has not successfully articulated a failure to protect claim against defendants. The Eighth and Fourteenth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). To prove unconstitutional failure to protect from harm, a plaintiff must allege (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, Farmer, 511 U.S. at 834 (internal quotation omitted), and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. Id. The second requirement is a subjective test; the defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Although plaintiff has stated generally that the purported overcrowding lead to assaults by other prisoners, he has not provided any information relating to the alleged assaults, the factual occurrences that surrounded the assaults, or his specific attempts to notify correctional staff about the risks and resultant harm relating to these assaults. In other words, plaintiff's merely conclusory statement that he told defendants that the "overcrowding" caused him to be "assaulted" on three separate occasions fails to articulate a plausible claim for relief. Iqbal, 129 S.Ct. 1949-51.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff is excused from paying an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of December, 2011.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE